| iKLIEBERT, Chief Judge,
dissenting in part; concurring in part.
I agree with the majority opinion that a duty risk analysis must be utilized to determine liability on the part of defendants. However, I disagree with the majority’s decision to substitute their factual findings for those of the trial court. This violates the standard of appellate review set by our Supreme Court in Rosell v. ESCO, 549 So.2d 840, 844 (La.1980) which states as follows:
“It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of ‘manifest error’ or unless it is ‘clearly wrong,’ and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be *1389 disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.”
See also Quinones v. U.S.F. & G., 630 So.2d 1303 (La.1994); Healy v. National R.R. Corp. (Amtrak), 613 So.2d 1117 (La. App. 5th Cir.1993).
The majority opinion fails to articulate its record findings as to where the trial court was “clearly” wrong in making its factual determination. The majority opinion points to facts which establish the right of the police officers to investigate the premises and the proper means by which they approached and entered the building. However, the majority fails to articulate where the trial court was clearly wrong in finding the alleged warnings given by Deputy Long were reasonable.
The police have a duty to protect the public and to act reasonably in their investigations so as to expose the public to the least danger possible under the circumstances of the particular case. A finding of liability on defendants here will not mandate liability on a police authority simply because a police dog bit an individual. The facts and circumstances surrounding a particular incident must be considered and weighed against the interests of the police officer to protect himself from injury or death; the interest of the public to apprehend a criminal; and the interest of |2an individual to be free from the horror and pain of being attacked by a police dog.
The trial court was faced with two factual scenarios concerning the attack on plaintiff. Defendants maintain the search was conducted utilizing department policy. This “policy” included an oral warning prior to releasing the dog to search the premises. Plaintiff testified she did not hear the warning that a K-9 search was about to begin and, if such a warning was made, she would have heard it and responded. Finding an inadequate warning was issued, the trial court ruled for plaintiff.
Given the record before us, I disagree with substituting the majority’s factual findings for those of the trial court. The record does not establish that the trial court’s decision was clearly wrong. Accordingly, I would affirm the trial court judgment.